UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| KEVIN DESRUISSEAUX, Individually and for Others Similarly Situated<br><br>v.<br><br>AMBITRANS MEDICAL TRANSPORT, INC. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Kevin Desruisseaux (Desruisseaux) brings this collective action to recover unpaid wages and other damages from Ambitrans Medical Transport, Inc. (Ambitrans).

2. Ambitrans employed Desruisseaux as one of its Hourly Employees (defined below).

3. Desruisseaux and the other Hourly Employees regularly work more than 40 hours in a workweek.

4. But Ambitrans does not pay Desruisseaux and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

5. Instead, Ambitrans pays Desruisseaux and the other Hourly Employees non-discretionary bonuses that it fails to properly calculate into

these employees' regular rates of pay for overtime purposes (Ambitrans's "bonus pay scheme").

6. Ambitrans's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Desruisseaux and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has general personal jurisdiction over Ambitrans because it is a Florida corporation.

9. Venue is proper because Ambitrans maintains its principal place of business in Charlotte County, Florida, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

10. Ambitrans employed Desruisseaux as an Emergency Medical Technician (EMT) from approximately October 2021 to January 2025.

11. Throughout his employment, Ambitrans paid Desruisseaux under its bonus pay scheme.

12. Desruisseaux's written consent is attached as **Exhibit 1**.

13. Desruisseaux brings this collective action on behalf of himself and similarly situated Ambitrans employees.

14. The putative FLSA collective is defined as:

> **All hourly employees who Ambitrans paid under its bonus pay scheme during the last three years through final resolution of this action (the "Hourly Employees").**

15. Ambitrans is a Florida corporation with its principal place of business in Charlotte Harbor, Florida.

16. Ambitrans may be served with process through its registered agent: **Michael Grant, 4351 Pinnacle Street, Charlotte Harbor, Florida, 33980**, or wherever he may be found.

## FLSA COVERAGE

17. At all relevant times, Ambitrans was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

18. At all relevant times, Ambitrans was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

19. At all relevant times, Ambitrans was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective

equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

20. At all relevant times, Ambitrans had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

21. At all relevant times, Desruisseaux and the other Hourly Employees were Ambitrans's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

22. At all relevant times, Desruisseaux and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

23. Ambitrans touts that it is "the largest provider of private ambulance transportation in Southwest Florida … operate[ing] across Collier, Lee, Charlotte, Sarasota and Manatee counties."[1]

24. To meet its business objectives, Ambitrans employs workers, including Desruisseaux and the other Hourly Employees, to transport and care for patients.

---

[1] https://ambitrans.com/about/ (last visited November 11, 2025).

- 5 -

25. For example, Ambitrans employed Desruisseaux as an EMT from approximately October 2021 until January 2025.

26. Desruisseaux's primary job duties included responding to emergency 911 calls, evaluating patients, providing emergency medical care to patients, and transporting patients to appropriate medical facilities.

27. Throughout his employment, Desruisseaux regularly worked more than 40 hours in a workweek.

28. Desruisseaux typically worked approximately 3 to 4 days a week and 12 or 24-hour shifts "on the clock" (48 to 72 hours a workweek).

29. Ambitrans paid Desruisseaux approximately $22.10 an hour.

30. Likewise, the other Hourly Employees typically work approximately 48 to 72 hours a workweek "on the clock."

31. And Desruisseaux and the other Hourly Employees are required to report their "on the clock" hours worked through the timekeeping system Ambitrans selects and controls.

32. But Ambitrans does not pay Desruisseaux and the other Hourly Employees at the required premium overtime rates for all hours worked in excess of 40 in a workweek.

33. Instead, Ambitrans paid Desruisseaux and the other Hourly Employees under its bonus pay scheme.

34. Specifically, Ambitrans agrees to pay and subsequently pays Desruisseaux and the other Hourly Employees non-discretionary bonuses, including shift bonuses, mileage bonuses, and performance bonuses, based on Ambitrans's criteria.

35. For example, during the pay period ending January 16, 2025, Ambitrans paid Desruisseaux a $252 "Performance Bonus" but failed to properly incorporate it in calculating his regular rate of pay for overtime purposes:[2]

| Earnings | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|
| Regular | 22.10 | 80.00 | 1768.00 | 3183.95 |
| Weighted Overtime | 34.33 | 27.11 | 930.59 | 930.59 |
| Holiday | 22.10 | 0.00 | 0.00 | 353.60 |
| Holiday Shift Differential | 11.05 | 0.00 | 0.00 | 18.34 |
| Holiday Shift Differential OT | 33.15 | 0.00 | 0.00 | 247.30 |
| Paid Time Off Hour Worked | 22.10 | 4.00 | 88.40 | 618.80 |
| Performance Bonus | | | 252.00 | 430.00 |
| Gross Pay | | 111.11 | 3038.99 | 5782.58 |

---

[2] Ambitrans's calculation of Desruisseaux's overtime rate of pay adds a half time premium to his base rate of pay, rather than calculating his overtime rate of pay in compliance with the FLSA as 1.5 times his regular rate of pay. 29 U.S.C. § 207(a)(1) ("no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."); *Bay Ridge Operating Co., Inc. v. Aaron*, 334 U.S. 446, 464 (1948) ("Congress intended the regular rate of pay to be found by dividing the weekly compensation by the hours worked.").

36. Thus, Ambitrans fails to properly include these non-discretionary bonuses in calculating Desruisseaux's and the other Hourly Employees' regular rates of pay for overtime purposes.

### COLLECTIVE ACTION ALLEGATIONS

37. Desruisseaux brings his claims as a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

38. Like Desruisseaux, the other Hourly Employees were victimized by Ambitrans's bonus pay scheme.

39. Other Hourly Employees worked with Desruisseaux and indicated they were paid in the same or similar manner under Ambitrans's bonus pay scheme.

40. Based on his experience with Ambitrans, Desruisseaux is aware Ambitrans imposed its bonus pay scheme on other Hourly Employees.

41. The Hourly Employees are similarly situated in the most relevant respects.

42. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rates—based on all remuneration—for all overtime hours worked.

43. Therefore, the specific job titles or locations of the Hourly Employees do not prevent collective treatment.

44. Rather, Ambitrans's bonus pay scheme renders Desruisseaux and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rates—based on all remuneration—for all hours worked in excess of 40 in a workweek.

45. Ambitrans's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

46. Ambitrans's records also show it paid Desruisseaux and the other Hourly Employees non-discretionary bonuses that it failed to properly include in their regular rates of pay for overtime purposes.

47. The back wages owed to Desruisseaux and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

48. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Ambitrans's records, and there is no detraction from the common nucleus of liability facts.

49. Therefore, the issue of damages does not preclude collective treatment.

50. Desruisseaux's experiences are typical of the experiences of the other Hourly Employees.

51. Desruisseaux has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent collective treatment.

52. Like each Hourly Employee, Desruisseaux has an interest in obtaining the unpaid wages owed under federal law.

53. Desruisseaux and his counsel will fairly and adequately protect the interests of the Hourly Employees.

54. Desruisseaux retained counsel with significant experience handling complex collective action litigation.

55. Absent this collective action, many Hourly Employees will not obtain redress for their injuries, and Ambitrans will reap the unjust benefits of violating the FLSA.

56. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

57. Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Ambitrans.

58. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

59. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

60. Among the common questions of law and fact are:

      a.      Whether Ambitrans paid the Hourly Employees non-discretionary bonuses;

      b.      Whether Ambitrans failed to properly include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

      c.      Whether Ambitrans failed to pay the Hourly Employees overtime wages at the required premium rates—based on all remuneration—for all overtime hours worked;

      d.      Whether Ambitrans's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

      e.      Whether Ambitrans's violations were willful.

61.    As part of its regular business practices, Ambitrans intentionally, willfully, and repeatedly violated the FLSA with respect to Desruisseaux and the other Hourly Employees.

62.    There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—in violation of the FLSA, who would benefit from

the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

63. The Hourly Employees are known to Ambitrans, are readily identifiable, and can be located through Ambitrans's business and personnel records.

## AMBITRANS'S VIOLATIONS WERE WILLFUL

64. Ambitrans knew it employed Desruisseaux and the other Hourly Employees.

65. Ambitrans knew it was subject to the FLSA's overtime provisions.

66. Ambitrans knew the FLSA required it to pay non-exempt employees, including Desruisseaux and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

67. Ambitrans knew Desruisseaux and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours via Ambitrans's timekeeping system.

68. Ambitrans knew Desruisseaux and the other Hourly Employees were non-exempt employees entitled to overtime pay.

69. Ambitrans knew it paid Desruisseaux and the other Hourly Employees non-discretionary bonuses.

70. Ambitrans knew it was required to properly include these non-discretionary bonuses in their regular rates of pay.

71. Ambitrans knew these non-discretionary bonuses were not properly included in Desruisseaux's and the other Hourly Employees' regular rates of pay for overtime purposes.

72. And Ambitrans knew the FLSA requires it to pay Desruisseaux and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

73. Ambitrans's failure to pay Desruisseaux and the other Hourly Employees overtime at the required rates—based on all remuneration—for overtime hours worked was neither reasonable, nor was this decision made in good faith.

74. Ambitrans knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Desruisseaux and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40, in a workweek.

<u>CAUSE OF ACTION</u>
**FAILURE TO PAY OVERTIME UNDER THE FLSA
(FLSA COLLECTIVE)**

75. Desruisseaux brings his FLSA claim as a collective action on behalf of himself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

76. Ambitrans violated, and is violating, the FLSA by employing non-exempt employees such as the Hourly Employees in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

77. Ambitrans's unlawful conduct harmed Desruisseaux and the other Hourly Employees by depriving them of overtime wages they are owed.

78. Accordingly, Ambitrans owes Desruisseaux and the other Hourly Employees the difference between the wages actually paid and the required overtime wages actually earned.

79. Because Ambitrans knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Ambitrans owes Desruisseaux and the other Hourly Employees these wages for at least the past 3 years.

80. Ambitrans is also liable to Desruisseaux and the other Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

81. Finally, Desruisseaux and the other Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

82. Desruisseaux demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Desruisseaux, individually and on behalf of the other Hourly Employees, seeks the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice to the Hourly Employees allowing them to join this action by filing a written notice of consent;

    b. An Order finding Ambitrans liable to Desruisseaux and the other Hourly Employees for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

    c. A Judgment against Ambitrans awarding Desruisseaux and the other Hourly Employees all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA;

- 15 -

    d.    An Order awarding attorneys' fees, costs, and expenses;

    e.    An Order awarding pre- and post-judgement interest at the highest applicable rates; and

    f.    Such other and further relief as may be necessary and appropriate.

Dated: December 1, 2025                    Respectfully submitted,

**MORGAN & MORGAN, PA**

By: */s/ C. Ryan Morgan*
       C. Ryan Morgan
       FL Bar No. 15527
20 N. Orange Ave., 15th Floor
Orlando, FL 32801-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
rmorgan@forthepeople.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:  (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:  (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice application forthcoming*

**ATTORNEYS FOR DESRUISSEAUX & THE HOURLY EMPLOYEES**